BELKNAP.

---

SQUIRE *v.* MUDGETT.

By c. 1, *s.* 33, Laws of 1868 (G. L., *c.* 138, *s.* 1), a debtor is not entitled to a homestead in the estate of his wife either before or after her decease.

The statute of 1878, *c.* 22, *ss.* 1, 2, 3 (G. L., *c.* 138, *ss.* 1, 5, 6), exempting a homestead right of the husband in his deceased wife's estate after the arrival of the minor children at full age, and the homestead of an unmarried person in his estate, from attachment and levy by his creditors, does not apply to cases of debts contracted prior to the passage of the statute.

Minor children occupying their father's life estate by the curtesy in land of his deceased wife, are entitled to a homestead in the life estate until they arrive at full age.

The judgment creditor of the husband, having set off upon execution his deceased wife's estate, occupied by him with his minor children by virtue of his life estate by the curtesy, no application for the assignment of a homestead having been made, is a tenant in common with the children, and may have judgment on a writ of entry against the debtor for the life estate, and to come into possession at the end of the homestead right of the children on their arrival at age.

If the life estate exceeds in value the sum of five hundred dollars, by appropriate proceedings for that purpose the homestead and creditor's interests may be partitioned and assigned in severalty.

WRIT OF ENTRY. Plea, *nul disseizin*, with a brief statement of defence of title in the premises by virtue of the homestead right of the defendant and his minor children. The premises in controversy are a store and dwelling-house, with the land upon which they stand. They were held by the defendant's wife in her own right, and were occupied by her and the defendant and two minor

children until her death in 1879. The defendant and children have remained in possession since her death. The plaintiff recovered judgment against the defendant upon a debt contracted in 1871, and levied an execution upon the defendant's life estate in the land in 1880, the appraisers setting it off "subject to a homestead right therein," and valuing it at one hundred dollars. The plaintiff demands the whole premises.

*E. A. Hibbard*, for the plaintiff.

*C. C. Rogers*, for the defendant.

ALLEN, J. The plaintiff seeks to recover possession of the premises by virtue of a title acquired by the levy of an execution on the defendant's life estate in the land. The defence is, that the defendant, at the time of the levy, was entitled to a homestead in the interest levied upon of the value of $500, which was greater than the value of the life estate, and that the plaintiff took nothing by his levy. The defendant also claims that if he is not entitled to a homestead in the life estate, his minor children are, and that their homestead right defeats the plaintiff's levy.

By the law of 1868 (Laws of 1868, c. 1, s. 33; G. L., c. 138, s. 1) "The wife, widow, and children of every person who is owner of a homestead, or of any interest therein, occupied by himself or herself," is entitled to a homestead of the value of $500 " as against the creditors, grantees, and heirs of such person." The right is not given by the statute to the "person" or debtor himself, nor, in case the wife owns the homestead, to her husband, either before or after her decease. The defendant himself is not entitled to the benefit of an exempted homestead by the law of 1868.

By the law of 1878 (Laws of 1878, c. 22, ss. 1, 2, 3; G. L., c. 138, ss. 1, 5, 6), upon the death of the wife leaving no children then minors, or whenever the children should arrive at majority, the homestead exemption before given to "the wife, widow, and children" only, was extended to the husband, if living. If the legal title to the homestead is in the wife at her decease, a homestead in the life estate of the husband is exempted to him after the arrival of the children at majority; and in case an unmarried person is the owner of a homestead, that is exempted to him. But the defendant is not entitled to a homestead by the act of 1878. The children, at the time of the levy, had not reached the age of twenty-one years. He cannot come in to the privilege of the exemption when they shall arrive at that age, nor is he entitled to it as an unmarried man, owning and occupying the life estate as a homestead, the plaintiff's right of action on his demand having accrued prior to the passage of the act. If the law of 1878, giving the debtor a homestead exemption for his own personal benefit, was intended to apply to prior existing debts, it was to that extent

inoperative, being in violation of the provision of the federal constitution forbidding state legislation which impairs the obligation of contracts. *Edwards* v. *Kearzey*, 96 U. S. 595. That the legislature did not intend to so apply the statute is evident from the act of 1879 (Laws of 1879, *c.* 17, *s.* 1), which expressly limits the act of 1878 to contracts made subsequent to its passage.

By the law of 1868, the minor children of the defendant are entitled, during their minority, to a homestead in the defendant's life estate occupied by him. They were, at the time of the levy, children of a "person" owning an interest in a homestead occupied by him, and were entitled to the exemption against his creditors. That right may be asserted by the defendant in their behalf as next friend, or by their guardian, and is a sufficient "homestead right" to answer to that to which the levy was made subject. The minor children of the defendant being entitled to a homestead of the value of $500 in the defendant's life estate during their minority, the levy would have been void if a proper application had been made to the officer having the execution to assign the homestead, and that application had been disregarded. *Fogg* v. *Fogg*, 40 N. H. 288; *Tucker* v. *Kenniston*, 47 N. H. 267. But no application was made for the assignment of the homestead right, and the plaintiff's levy, subject to that right, was valid for what it purported to take, namely, the defendant's life estate, subject to the minor children's homestead right in the same. *Fletcher* v. *State Capital Bank*, 37 N. H. 369; *Barney* v. *Leeds*, 51 N. H. 253, 269. The plaintiff, after the levy, was tenant in common with the minor children, and is entitled to judgment against the defendant. The recovery being of an interest in a life estate, subject to the children's homestead right of the value of $500, will take effect after that right terminates, or, if the life estate exceeds that sum in value, after by appropriate proceedings the homestead shall have been assigned. The form of the judgment, if not agreed upon, will be determined at the trial term.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.