## SQUIRE *v.* MUDGETT.

The only measure of the homestead right is value; therefore a homestead right in a life estate is five hundred dollars' worth of that estate, and not five hundred dollars' worth of the premises in which the life estate exists.

BILL IN EQUITY, alleging that the plaintiff is seized, for the life of William C. Mudgett, of a tract of land in Tilton, on which are situated a dwelling-house, shed, and barn, and also a store and store shed, and that the defendant is entitled to a homestead in five hundred dollars' worth of said dwelling-house, or of said dwelling-house, shed, and barn, during her minority, and praying that a homestead in five hundred dollars' worth thereof may be

assigned to her to hold until she shall arrive at the age of twenty-one years, if she shall live so long.    Facts agreed by the parties.

The defendant is a child of William C. Mudgett, and the only child of Sarah J. Mudgett.    Sarah J. Mudgett died in November, 1879, seized in her own-right of the premises described in the bill. The plaintiff, having a judgment against William C. Mudgett, caused his life estate as tenant by the courtesy to be set off on execution September 8, 1880.    The appraisers certify that "the estate of the said debtor for the term of his natural life only in the said tract of land subject to a homestead right therein is of the value of one hundred dollars and no more, and we have set off all the estate of the said debtor therein to the creditor at that sum."    In making the set-off the appraisers called the whole property worth one thousand dollars, from which they deducted five hundred, and appraised the debtor's interest in the remainder at one hundred.

No application was made by the defendant to the officer to have a homestead set off to her, and none was set off.    The defendant claims that she is entitled to a homestead in the estate of the debtor, William C. Mudgett, that the said Mudgett's life estate is of less value than five hundred dollars, and claims that the extent is void on account of the error in the appraisal, and should be set aside.

The plaintiff claims that the defendant's homestead right is in five hundred dollars' worth of the property valued as a fee simple, and not in a life estate worth five hundred dollars.

The questions, whether the plaintiff is entitled to have a homestead assigned to the defendant, and, if so, what the homestead right shall be, are submitted to the decision of the court.

*E. A. Hibbard*, for the plaintiff.

*C. C. Rogers*, for the defendant.

BLODGETT, J.    It was decided in *Squire* v. *Mudgett*, 61 N. H. —, that this defendant was entitled to a homestead in the life estate of her father upon which the plaintiff's execution was levied; and the material question now is as to the extent of her homestead right.    That is to say, Is it five hundred dollars' worth of the land in which the life estate exists? or, Is it such a part as that sum bears to the value of the whole life estate?

The answer cannot be regarded as doubtful, for the statute estimates and measures the homestead right by value, and by nothing else.    G. L., c. 138, ss. 1, 5.    The character of the estate out of which a homestead is to be taken is therefore of no consequence, because, whatever may be the nature of such an estate, in duration or extent, if it is sufficient to support a homestead, the value of that right can alone be considered in its assignment.

But it is argued that the effect of this construction is to give to

the defendant a more extensive homestead territorially than she would be entitled to were the father an owner in fee simple of the premises levied upon, and that it is not conceivable that the legislature so intended. This argument may be plausible, but it is not sound. It not only overlooks the language of the statute, which is so plain and imperative that it closes the door against discussion, but it also interpolates and substitutes quantity for value, which is manifestly another and a very different thing.

But, aside from the terms of the statute, the force of the argument is destroyed by the obvious fact that a homestead right in an estate less than a fee is not as valuable as a homestead right in the fee, and it must therefore be of a correspondingly greater extent territorially in order to effect an equality in the rights of the respective owners. And this, it is conceived, was the reason why value was made the measure of the homestead right in all cases by the legislature, for there is no other standard which would operate so equally, or which would so well secure the benefits intended to be conferred by the homestead act.

The defendant, during her minority, is entitled to a homestead out of the life estate, unless sooner terminated; but whether such homestead will attach to the store and store shed, is a question for the decision of which more facts are necessary.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.